IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MCF AF, LLC, et al**  　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

V.　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-cv-00621-DPJ-FKB**

　　　　　　　　　　　　　　　　　　　　　　　　**CONSOLIDATED WITH**

　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-cv-636C-WR-FKB**

**EDUARDO A. FLECHAS, et al**　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## AGREED JUDGMENT OF CONTEMPT

The following motions are currently pending before the Court: MCF AF LLC's Motion For Contempt Against Eduardo A. Flechas, Flechas & Associates, P.A., The Flechas Law Firm, PLLC and Caroline Ashlee Flechas [Ct Dkt #126]; MCS Capital, LLC's Motion For Citation of Contempt [Ct Dkt #129], joined by RMC-CMG Portfolio Holding, LLC [Ct Dkt #145]; Amended Motion Of Caroline Ashlee Flechas To Dismiss Motion For Contempt Filed By MCF AF, LLC [Ct Dkt #141]; Flechas's Motion To Dismiss Motions For Contempt Or, In the Alternative, To Stay Contempt Proceedings [Ct Dkt #146]; and MCF AF LLC's Motion To Strike [Ct Dkt #149]. The Court, having considered the motions and having conferred with the parties finds as follows:

　　1.　　For the reasons stated on the record by the Court, which findings are incorporated into this order, the Court finds it has jurisdiction over the parties and the subject matter and can, and hereby does, adjudicate all motions referenced in this Agreed Judgment.

　　2.　　This case arises from disputes between certain creditors and Eduardo A. Flechas, Flechas & Associates, P.A. and The Flechas Law Firm, PLLC (collectively "Flechas

Defendants") over money received by the Flechas Defendants as a result of their representation of plaintiffs in a state court toxic tort case ("Fee Account"). The creditors make claims to the Fee Account which the Flechas Defendants dispute.

3. On October 15, 2013, with the agreement of all parties including the Flechas Defendants, this Court entered an order freezing certain assets in the possession, custody or control of the Flechas Defendants ("Asset Freeze Order"), including the sum of $400,000 which had been transferred by the Flechas Defendants to the Flechas Family Holdings, LLC but remained in the control of the Flechas Defendants.

4. The Flechas Defendants knowingly and willfully violated this Court's October 15, 2013 Asset Freeze Order by transferring approximately $390,000 of $400,391.48 held in a bank account of the Flechas Family Holdings, LLC to the Flechas Law Firm, PLLC which then further spent the money.

5. The Flechas Defendants are hereby found to be in contempt of the Asset Freeze Order, and the pending contempt motions [Ct Dk ## 126 and 129] are hereby granted as to the Flechas Defendants.

6. Based on certain sworn admissions now made by the Flechas Defendants as to Caroline Ashlee Flechas's lack of involvement in violating the Asset Freeze Order, MCF AF, LLC withdraws its pending motion for contempt against Caroline Ashlee Flechas (a non-party to this litigation) [Ct Dkt #126]. Caroline Ashlee Flechas's Amended Motion Of Caroline Ashlee Flechas To Dismiss Motion For Contempt Filed By MCF AF, LLC [Ct Dkt #141] is thus terminated as moot.

7.   Eduardo A. Flechas is hereby ordered to be taken into the custody of the United States Marshal and incarcerated until such time as the Flechas Defendants purge their contempt by:

   a) within 30 days after the date of entry of this judgment, providing an accounting of how the money was spent after it was transferred from the Flechas Family Holdings, LLC account to the Flechas Law Firm, PLLC;

   b) within 2 days after the date of entry of this order, paying the $10,391.48 remaining in the Flechas Family Holdings, LLC account into the registry of the Court; and

   c) within 30 days after the date of entry of this order, paying the additional sum of $390,000 into the registry of the Court.

8.   Eduardo Flechas's incarceration shall be deferred for 30 days from the date of entry of this agreed judgment in order for the Flechas Defendants to purge the contempt. Before this deferment expires, the Flechas Defendants shall submit to this Court, in camera, a confidential written report on their progress in purging the contempt. If the Court is satisfied that the Flechas Defendants are making good faith progress toward purging the contempt, the Court may extend the suspension of Eduardo Flechas's incarceration for an additional 30 days.

9.   If the Court extends the deferment of his incarceration, before this extended suspension expires, the Flechas Defendants shall submit to this Court, in camera, a confidential written report on their progress in purging the contempt. If the Court is satisfied that the Flechas Defendants are making good faith progress toward purging the contempt, the Court may extend the suspension of Eduardo Flechas's incarceration for an additional 30 days.

10. No further extensions of the suspension of Eduardo A. Flechas's incarceration shall be allowed.

11. If the Flechas Defendants have not fully purged the contempt within the time period allowed by the Court as described above, on the day after the suspension of his incarceration expires, Eduardo A. Flechas shall voluntarily appear before the Court and be remanded to the custody of the United States Marshal and incarcerated until such time as the contempt is fully purged. If Eduardo A. Flechas does not voluntarily appear, the Court shall issue a warrant for his arrest.

12. Within 10 days of the entry of this agreed judgment, each creditor shall submit all evidence necessary in the form of an appropriate motion, using the lodestar method and applicable *Johnson* factors, to support an award of attorneys' fee for prosecution of the Contempt Motion(s). The amount of the award to each creditor shall be subject to the Court's discretion as to the reasonableness and appropriateness of the amountrequested. The Court shall enter a separate order(s) adjudicating the amount of the award to each creditor and the date by which the award must be paid to each creditor.

13. The Flechas Defendants have represented to this Court that part of the funds they plan to use to purge the contempt will come from the resolution of certain pending matters in which one or more of the Flechas Defendants are counsel. Within 3 days of the date of entry of this judgment, the Flechas Defendants shall confidentially identify those cases ("Litigated Matters") to the Court and to all parties to this matter by providing the style and case number of those Litigated Matters. The document identifying the Litigated Matters to the parties shall be marked confidential and subject to the protective order in place in this case [Ct Dkt #20].

Additionally, no party, or any agent, employee, investigator, or other associated person of any party to this case, shall take any action to directly or indirectly affect the resolution of the Litigated Matters. This expressly includes any and all attempts to contact, directly or indirectly, any party, representative/agent of a party, witness, expert, attorney, or other person associated with any of the Litigated Matters. Any party responsible for violating the subject protective order or this paragraph will be subject to all punishment and remedies provided by law.

14. Details of the progress of the resolution of the Litigated Matters shall be provided to this Court in the in camera reports described above in paragraphs 8 and 9.

15. The Flechas Defendants are required to pay into the registry of the Court all sums, up to and until the sums described in paragraph 7 have been paid in full, which they receive as compensation from the resolution of the Litigated Matters in order to purge the contempt. The Flechas Defendants are not, however, limited to using only those sums to purge the contempt. Regardless of the amount of the funds, if any, produced by resolution of the Litigated Matters, the contempt will not be purged until all sums described in paragraph 7 have been timely paid in full as outlined in this judgment.

16. The Flechas Defendants will agree within 1 day of the date of entry of this judgment to execute the orders attached hereto as Exhibits A and B withdrawing all objections to the contested involuntary bankruptcy petitions No. 13-03549 (against Flechas & Associates P.A.) and 13-03550 (pending against Eduardo A. Flechas) pending in the United States Bankruptcy Court for the Southern District of Mississippi and consenting to the entry of an Order for Relief in each case. Thereafter, the Flechas Defendants are free to file motions for the conversion of

the Chapter 7 petitions to voluntary. The Flechas Defendants will pay all filing fees associated with the conversion.

17. MCF AF, LLC's Motion to Strike [Ct Dkt #149] is denied.

18. The Flechas Defendants' Motion to Dismiss Motion for Contempt [Ct Dkt #146] is denied.

19. Eduardo A. Flechas shall within 1 day of the date of entry of this judgment surrender his passport to the office of the Clerk of the United States District Court for the Southern District of Mississippi and shall provide documentation to the creditors that he has done so. The Clerk's office shall retain possession, custody and control of the passport until the Flechas Defendants' have fully purged the contempt.

In summary, as detailed above:

a. MCF AF LLC's Motion For Contempt Against Eduardo A. Flechas, Flechas & Associates, P.A., The Flechas Law Firm, PLLC and Caroline Ashlee Flechas [Ct Dkt #126] is granted as to Eduardo A. Flechas, Flechas & Associates, P.A., The Flechas Law Firm, PLLC and withdrawn as to Caroline Ashlee Flechas;

b. MCS Capital, LLC's Motion For Citation of Contempt [Ct Dkt #129], joined by RMC-CMG Portfolio Holding, LLC [Ct Dkt #145] is granted;

c. Amended Motion Of Caroline Ashlee Flechas To Dismiss Motion For Contempt Filed By MCF AF, LLC [Ct Dkt #141] is terminated as moot;

d. Flechas's Motion To Dismiss Motions For Contempt Or, In the Alternative, To Stay Contempt Proceedings [Ct Dkt #146] is denied; and

e. MCF AF LLC's Motion To Strike [Ct Dkt #149] is denied.

**SO ORDERED AND ADJUDGED** this /9~ day of October, 2015.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

AGREED:

/s/ Stephanie M. Rippee
William F. Ray (MSB No. 4654)
Stephanie M. Rippee (MSB No. 8998)
*Counsel for MCF AF, LLC*

/s/ Luke Dove
Luke Dove (MSB No. 6174)
Laura Glaze (MSB No. 100625)
*Counsel for MCS Capital, LLC*

/s/ W. Thomas McCraney III
W. Thomas McCraney III (MSB No. 10171)
Zachary M. Bonner (MSB No. 103153)
*Counsel for RMC/CMG Portfolio Holding, LLC as assignee of Cambridge Management Group, LLC*

/s/ Danny E. Cupit
Danny E. Cupit (MSB No. 7966)
*Pro Se*

/s/ Robert W. "Bobby Moak
Robert W. "Bobby" Moak (MSB No. 9915)
*Pro Se*

/s/ James E. Renfroe
James E. Renfroe (MSB No. 10096)
*Counsel for WAG, LLC*

/s/ P. Caleb Koonce
James D. Bell (MSB No. 02333)
P. Caleb Koonce (MSB No. 103859)
*Counsel for Eduardo A. Flechas, Flechas & Associates, P.A., and The Flechas Law Firm, PLLC*

/s/ William C. Bell
William C. Bell (MSB No. 9328)

*Counsel for Caroline Ashlee Flechas*

_____
*Eduardo A. Flechas*

_____
*Caroline Ashlee Flechas*

 EAF per