UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MCF AF, LLC AND MCS CAPITAL, LLC                                               PLAINTIFFS

V.                                                        CIVIL ACTION NO. 3:16-CV-722-DPJ-FKB

EDUARDO A. FLECHAS,
FLECHAS & ASSOCIATES, P.A., AND
THE FLECHAS LAW FIRM, PLC                                                     DEFENDANTS

ORDER TO SHOW CAUSE

This contempt action is before the Court *sua sponte* for consideration of dismissal. The factual background was laid out in detail in the Court's November 30, 2017 Order [50]. In short, Eduardo Flechas, after admitting to spending almost $400,000 in violation of an Asset Freeze Order, agreed to intermittent incarceration and home confinement.

Those conditions began in July 2016. In over two years under this order, Flechas has paid back, or received credit for, just over $100,000. But most of that occurred before he began serving his term of incarceration. He has made several payments this year—$1,000 on February 1; $175 on March 19; $3,000 on April 23; $175 on April 24; $1,000 on June 6; and $2,000 on July 11.

The amounts Flechas has paid since incarceration began have been modest, yet the cost of his incarceration continues to rise. For example, the United States Marshals Service has incurred an expense each night it has housed Flechas at the Madison County Detention Center over the last two years. So too, monitoring Flechas's finances and considering his motions to modify are time-consuming tasks that tax the Court's already limited resources.

This arrangement cannot continue indefinitely, and the Court now questions whether the time has come to cease the intermittent incarceration and home confinement. That said, the

contemplated closing of this contempt action and the lifting of the requirement of incarceration and home confinement would not absolve Flechas of his obligation to repay the money spent. As he admitted under oath, he understands that he would still be liable for the remaining amount. Aug. 16, 2017 Tr. [44] at 9–10.

With these concerns in mind, the parties are directed to show cause within 14 days of this Order why the intermittent incarceration and home confinement should not be lifted and why this action should not be closed. The Court recognizes that Plaintiffs will desire some assurances that Flechas will not ignore his obligations as he has in the past, so they are invited to recommend procedures to protect their interests and the integrity of the Court's original order freezing his assets. For example, an order might administratively close the contempt case while retaining jurisdiction for the Court to re-open it and re-impose incarceration under defined circumstances. The parties are instructed to confer to see whether such arrangements can be agreed to. If not, then they should file separate responses to this Order. Even if Plaintiffs oppose closing the case, they should still provide recommended procedures in their responses in the event it is ultimately closed.[1]

**SO ORDERED AND ADJUDGED** this the 21st day of September, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If the contempt case is closed, the Court would continue to receive payments toward the contempt obligation. And those payments could be released upon motion of a party or parties. While the Court is aware of a related bankruptcy proceeding, it does not have knowledge of the particulars of that proceeding or any agreement that may implicate this contempt judgment.