UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MCF AF, LLC AND MCS CAPITAL, LLC                                      PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:16-CV-722-DPJ-FKB

EDUARDO A. FLECHAS,
FLECHAS & ASSOCIATES, P.A., AND
THE FLECHAS LAW FIRM, PLC                                             DEFENDANTS

ORDER

This contempt action is once again before the Court to address a number of concerns, including Eduardo Flechas's motions to set aside the agreed judgment of contempt [76], strike MCF's response to the Court's Show-Cause Order [76], and modify the terms of confinement [99]. The factual background was laid out in detail in the Court's November 30, 2017 Order [50]. In short, Eduardo Flechas, after admitting to spending almost $400,000 in violation of an asset-freeze order, agreed to intermittent incarceration and home confinement. He has complied with those conditions since July 22, 2016.

On September 21, 2018, the Court entered an Order to Show Cause, acknowledging the continuing expense associated with implementing and monitoring the contempt agreement. Questioning whether the time had come to cease intermittent incarceration and home confinement, the Court directed the parties to show cause why the Court should not terminate these requirements and close the action. The Court added,

> The Court recognizes that Plaintiffs will desire some assurances that Flechas will not ignore his obligations as he has in the past, so they are invited to recommend procedures to protect their interests and the integrity of the Court's original order freezing his assets. For example, an order might administratively close the contempt case while retaining jurisdiction for the Court to re-open it and re-impose incarceration under defined circumstances. The parties are instructed to confer to see whether such arrangements can be agreed to. If not, then they

>  should file separate responses to this Order.  Even if Plaintiffs oppose closing the
>  case, they should still provide recommended procedures in their responses in the
>  event it is ultimately closed.

Order [74] at 2.

MCF responded [75] stating its opposition to dismissal.  Largely quoting back the Court's prior Order [50] denying Flechas's motion to dismiss the contempt action, MCF argued Flechas had violated Court orders, should not be allowed to avoid his obligation, and should continue to report for intermittent incarceration.  MCF ignored the Court's order to recommend procedures designed to protect its interest if the case is ultimately dismissed.

Flechas answered by filing a motion [76] to set aside the Agreed Judgment between Flechas and MCF, or alternatively to strike MCF's response to the Order to Show Cause. Flechas argues that during settlement negotiations in July 2017, MCF agreed it "would take no position with regard to any motion or effort to discontinue or lift the incarceration" requirement. Mot. [76] at 1; *see* Email [76-1] at 2 (evidencing agreement by counsel for MCF that it would "not take a position in response to [a] motion" by Flechas to "discontinue his ongoing incarceration").  Construing MCF's filing as a breach of that agreement, Flechas asks the Court to set aside the Agreed Judgment between the parties.  Agreed J. [323] at 7 (filed in 3:13-CV-621-DPJ-FKB).  Alternatively, Flechas says the Court should strike MCF's response [75] and not consider the arguments raised "in the Court's determination as to the appropriateness of dismissal of the underlying contempt action."  Mot. [76] at 3.

MCF then responded in opposition to the motion to strike, insisting that it complied with the agreement because it did not oppose Flechas's July 21, 2017 Motion to Dismiss the Contempt Action [30].  It reasons that it did not "make any sort of blanket agreement that it

2

would never oppose the dismissal of this contempt action" and points out that it was responding to the Court's Order to Show Cause, not a motion by Flechas.  Resp. [77] at 1–2.[1]

Then, on May 31, 2019, Flechas added a new wrinkle by filing a motion [99] to modify the Court's imposition of home confinement from 7:00 p.m. to 7:00 a.m. seven days a week and incarceration at the Madison County Detention Center every other weekend.  Order [293] (entered in 3:13-CV-621-DPJ-FKB).  Flechas proposes "to formally assign to the Clerk of Court his interest and attorney's fees" in one civil action and "one-half (1/2) of his interest and attorney's fees" in seven more civil actions.  Mot. [99] at 2.  In exchange, Flechas asks the Court to suspend his home-confinement and incarceration obligations "until the conclusion or settlement of all such cases, or until further order of the Court."  *Id.*  Plaintiffs offered no response.

The Court declines Flechas's invitation to insert itself as an assignee.  This proposal is eerily similar to the litigation-financing arrangements which led to this civil action, the asset-freeze order, and the contempt proceedings.  Plaintiffs have shown no interest in this proposal, and the Court has no desire to entangle itself with an unreliable party.  Flechas's motion [99] is denied.

Circling back to the Order to Show Cause, the Court's intent was to elicit the parties' input on how best to proceed if the case is closed.  Unfortunately, the Court is no better off than it was before issuing the Order.

This case is unique in that the contempt sanctions stem from an agreed judgment between the parties, rather than a Court order.  Nevertheless, it falls upon the Court to monitor and manage Defendant's contempt obligations.  *See Int'l Union, United Mine Workers of Am. v.*

---

[1] Flechas filed a Reply [80-1] essentially restating his position.

*Bagwell*, 512 U.S. 821, 831 (1994) ("[C]ivil contempt proceedings leave the offended judge solely responsible for identifying, prosecuting, adjudicating, and sanctioning the contumacious conduct."). Importantly, civil contempt proceedings are coercive, not punitive, in nature. *Boylan v. Detrio*, 187 F.2d 375, 378 (5th Cir. 1951). "They are not instituted as punishment for past offenses, but to compel obedience to the orders and decrees of the court made for the benefit not of public justice but of parties to the litigation to compensate them for losses caused by defendants' disobedience of earlier orders and decrees made for their benefit." *Id.*

The Court is certainly sympathetic to MCF's frustration over Flechas's modest payment toward the contempt judgment. And the Court is likewise disappointed with Flechas's track record of repayment—particularly in light of his recent offer to assign his anticipated earnings to the Court. But the Court cannot ignore the cost associated with Flechas's continued incarceration—now in excess of three years. As pointed out in the Order to Show Cause, the United States Marshals Service has incurred an expense each night it has housed Flechas at the Madison County Detention Center, and monitoring Flechas's finances and considering his motions to modify are time-consuming tasks that tax the Court's already limited resources.

Moreover, while incarceration appeared to initially motivate Flechas to pay down the contempt judgement, its continued efficacy is now questionable. Flechas remitted roughly $7,000 in 2018, with no payments made since July 11, 2018. Order [74] at 1.

"Coercive civil contempt is intended to make the recalcitrant party comply." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976). The Fifth Circuit Court of Appeals explained in *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*,

> "[A]lthough incarceration for civil contempt may continue indefinitely, it cannot last forever." When it becomes clear that a civil contemnor will never yield to the coercion of incarceration, the court must release the contemnor. The

> determination of the point at which the contemnor should be released is left to the discretion of the district court . . . .

99 F.3d 1134, at *3 (5th Cir. 1996) (quoting *United States ex rel. Thom v. Jenkins*, 760 F.2d 736, 740 (7th Cir. 1985) (additional citations omitted).  This arrangement cannot continue indefinitely.  Flechas has been subject to home confinement or incarceration for approximately 1,095 days—over 200 of which were spent in lock up at the Madison County Detention Center.  The Court finds the time has come to cease intermittent incarceration and home confinement.

The Clerk is therefore directed to administratively close this civil contempt action.  Because MCF's filing in response to the Court's Order to Show Cause did not influence the Court's decision, Flechas's motion to strike it [76] is moot; his alternative request to set aside the Agreed Judgement between the parties is denied.  Flechas is still bound by that Agreed Judgment [323].  And finally, Flechas's motion to modify [99] is denied.

The Court further holds that the closing of this contempt action and the lifting of the requirement of incarceration and home confinement does not absolve Flechas of his obligation to repay the money spent.  As he admitted under oath, he understands that he would still be liable for the remaining amount.  Aug. 16, 2017 Tr. [44] at 9–10.

**SO ORDERED AND ADJUDGED** this the 19th day of July, 2019.

              s/ *Daniel P. Jordan III*
              CHIEF UNITED STATES DISTRICT JUDGE